UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A. MITCHELL, a minor by and through,
IEASHA MITCHELL, Guardian and
Next Friend, et al

    Plaintiffs,

v.

CITY OF BENTON HARBOR, et al,

    Defendants.

Case No.1:22-cv-475

HON. HALA Y. JARBOU
MAG. PHILLIP J. GREEN

_____

# DEFENDANT ELHORN ENGINEERING'S RESPONSE TO *MITCHELL* PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE GREEN'S REPORT AND RECOMMENDATION

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ...................................................................................................ii

**INDEX OF AUTHORITIES** .............................................................................................iii

I. Introduction: ................................................................................................................. 1

II. Standard of Review: ..................................................................................................... 2

III. Analysis: ....................................................................................................................... 4

    A. The Court Should Overrule Objection No. 1, as the Report and Recommendation Did Not Impermissibly Consider, Interpret, or Rely Upon Facts Set Forth by the State Defendants. ........................................................................................................ 4

    B. Objection No. 2 is Not Directed to Defendant Elhorn or the Private Contractors. 5

    C. Objection No. 3 is Not Directed to Defendant Elhorn or the Private Contractors. 5

    D. The Report and Recommendation Correctly Recommended Dismissal with Prejudice and the Court Should Overrule Objection No. 4 .................................... 6

    E. The Report and Recommendation Correctly Found the State-Created Danger Claim Should be Dismissed and Objection No. 5 Should be Overruled. .............. 7

    F. The Court should Overrule Objection No. 6 and Adopt the Report and Recommendation. ................................................................................................... 9

        i. The Report and Recommendation Correctly Determined Elhorn Is Not a State Actor. ............................................................................................................... 9

        ii. The Report and Recommendation Correctly Found Plaintiffs Did Not Plausibly Allege a Substantive Due Process Violation for Bodily integrity Against Elhorn. ............................................................................................................ 12

    G. The Court Should Decline to Exercise Supplemental Jurisdiction and Overrule Plaintiff's Objection No. 7. .................................................................................. 13

**CONCLUSION** ................................................................................................................ 13

**CERTIFICATE OF COMPLIANCE** ................................................................................ 15

# INDEX OF AUTHORITIES

**Cases**

*Adams v. Vandemark*,
 855 F.2d 312 (6th Cir. 1988) ............................................................................................... 15

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ......................................................................................................... 3, 4

*Bell Atl. Corp. v. Twombly*,
 550 U.S.C. 544 (2007) .......................................................................................................... 3

*Bell v. City of Southfield,*
 37 F.4th 362 (6th Cir 2022) .................................................................................................. 6

*Brentwood Academy v. Tennessee Secondary School Athletic Association,*
 531 U.S. 288 (2001) ..................................................................................................... 12, 13

*Cutlip v. City of Toledo*,
 488 F. App'x 107, 116 (6th Cir. 2012) ............................................................................... 10

*DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.,*
 489 U.S. 189, 109 S.Ct.998, 103 L.Ed.2d 249 (1989) ......................................................... 9

*Estate of Romain v. Grosse Pointe Farms*,
 935 F.3d 485 (6th Cir 2019) ............................................................................................. 8, 9

*Flint Water Cases*,
 384 F.Supp. 3d 802 (ED Mich. 2019) ........................................................................... 11, 13

*Foman v. Davis*,
 371 U.S. 178 ......................................................................................................................... 8

*Jahn v. Farnsworth*,
 617 F. App'x 453 (6th Cir. 2012) ....................................................................................... 10

*Jones v. Reynolds*,
 438 F.3d 685 ......................................................................................................................... 9

*Kostrzewski v. City of Wyoming*,
 2021 WL 5310894 (W.D. Mich. 2021) .............................................................................. 10

*Lillard v. Shelby Cty Bd of Education*,
 76 F.3d 716 (6th Cir 1996) ................................................................................................. 16

*Lindsey v. Det. Entm't., LLC*,
 484 F.3d 824 (6th Cir 2007) ............................................................................................... 15

*Marble v. Snyder*,
 453 F.Supp. 3d 970 (ED Mich. 2020) ................................................................................ 14

*Musson Theatrical, Inc. v. Federal Express Corp.*,
 89 F.3d 1244 (6th Cir. 1996) .............................................................................................. 17

*Range v. Douglas,* 763 F.3d 573, 590 (6th Cir. 2014) ............................................................. 16

***Rendell-Baker v. Kohn***,
  457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982) .................................................. 14
***Riverview Health Inst., LLC v. Med. Mut. Of Ohio***,
  601 F.3d 505 (6th Cir 2010) ............................................................................................ 8
***Roberts v. Louisiana Homes***,
  2009 U.S.Dist. Lexus 104615 (ED Mich. No. 09-11066, 10/16/09) ............................ 15
***Sergi v. Kent Cnty. Bd. Of Educ.***,
  70 F.3d 907 (6th Cir. 1995) ........................................................................................... 10
***Shimmel v. Michigan Dep't of Corr.***,
  1:21-cv-358, 2023 U.S. Dist. LEXIS 46577 (W.D. Mich., Mar. 20, 2023) ..................... 2
***Thompson v. Bank of Am., N.A.,***
  773 F.3d 741 (6th Cir. 2014) ........................................................................................... 4

**Rules**

72 Fed. R. Civ. P. 72 ............................................................................................................. 2
Fed. R. Civ. P. 12(b)(6) ................................................................................................... 3, 17
Fed. R. Civ. P. 72(b)(3) ........................................................................................................ 2
Fed.R. Civ. P. 8(a)(2) ........................................................................................................... 4
Fed.R.Civ.P. 12(d) ........................................................................................................... 4, 5
Fed.R.Civ.P. 15 .................................................................................................................... 7
LCivR 5(f) ............................................................................................................................ 7

NOW COMES Defendant, Elhorn Engineering Company d/b/a Elhorn Company (hereinafter "Elhorn"), by its attorneys, Cummings, McClorey, Davis and Acho, P.L.C., and in response to *Mitchell* Plaintiffs' Objections to Magistrate Judge Green's Report and Recommendation states as follows:

## I. Introduction:

In this action, Plaintiffs, minors who consumed lead-contaminated water in Benton Harbor, Michigan, seek damages for harm allegedly resulting from consumption of that water. There are two other related cases pending in this Court, **Grant v. US Environmental Protection Agency**, Case No. 1:22-cv-186 and **Braziel v. Whitmer**, Case No. 1:21-cv-960. Like the instant case, Magistrate Judge Green has also issued Reports and Recommendations in those cases, recommending dismissal of the federal claims without exercising supplemental jurisdiction. Defendants in the instant matter include state officials of Michigan's Department of Environment, Great Lakes, Energy (EGLE), referenced as "State Defendants", the City of Benton Harbor and specified present and past municipal officials referenced as "City Defendants" and two private companies: F&V Operations and Resource Management, Inc. ("F&V) and this Defendant, Elhorn. As to this Defendant, Counts III and IV claim Elhorn violated Plaintiffs' Fourteenth Amendment Substantive Due Process rights by exposing Plaintiffs to state-created danger and by violating their bodily integrity, respectively.

All Defendants moved to dismiss federal claims and Plaintiffs responded. Oral argument took place on May 8, 2023, and Magistrate Judge Green's Report and Recommendation was filed June 1, 2023, ECF No. 120.

Defendant Elhorn respectfully requests this Court adopt the Report and Recommendation and, specifically, find that the §1983 claims against Elhorn be dismissed as:

1. Plaintiffs do not plausibly allege Elhorn is a state actor;
2. Plaintiffs do not plausibly allege a Substantive Due Process violation for bodily integrity against Defendant Elhorn; and
3. Plaintiffs' do not plausibly allege a state-created danger claim against Defendant Elhorn.

## II.  Standard of Review:

The district judge, pursuant to rule 72 Fed. R. Civ. P. 72, must review any part of a magistrate judge's disposition which has been objected to under a *de novo* standard of review. The district judge may accept, reject, or modify the recommended disposition, receive further evidence or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3): **Shimmel v. Michigan Dep't of Corr.**, 1:21-cv-358, 2023 U.S. Dist. LEXIS 46577 at *2 (W.D. Mich., Mar. 20, 2023).

Defendant Elhorn brought his motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) which authorizes the court to dismiss a claim for relief in any pleading if the claim "fail[s] state a claim upon which the relief can be granted[.]" To survive a motion

to dismiss, a Complaint must present "enough facts to state a claim for relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S.C. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." **Ashcroft v. Iqbal**, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,'… it asks for more than a sheer possibility that a defendant has acted unlawfully." **Id.** at 678 quoting **Twombly**, 550 U.S. at 556 ("[Where] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief." **Id.** at 679 (quoting Fed.R. Civ. P. 8(a)(2)).

In deciding a Motion to Dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the non-movant and accept all well-pleaded factual allegations in the complaint as true. **Thompson v. Bank of Am., N.A.,** 773 F.3d 741, 750 (6th Cir. 2014). "[T]he tenant that a Court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Thread bare recitals of the elements of the cause of action, supported by mere conclusionary statements, do not suffice." **Iqbal**, 556 U.S. at 678. The court may consider "exhibits attached to the Complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the Complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." **Gavitt v. Born**, 835 F.3d 623, 640 (6th Cir. 2016); see also Fed.R. Civ. P. (12)(d)

In the instant case, the magistrate's Report and Recommendation clearly complies with the standard of review as Plaintiffs have failed to state constitutional claims against the private contractor Defendants and failed to properly plead facts, nor can they, that the private contractor defendants are state actors.

### III. <u>Analysis:</u>

**A. The Court Should Overrule Objection No. 1, as the Report and Recommendation Did Not Impermissibly Consider, Interpret, or Rely Upon Facts Set Forth by the State Defendants.**

Review of the Report and Recommendation indicated it did not impermissibly rely on State Defendants' exhibits and especially in regard to its findings relating to Elhorn.

First, Judge Green commented in the Report and Recommendation that the Court had "not considered anything contained in the cited exhibits in making any of the recommendations." ECF No. 120, PageID.1813. The Court, further comments, "the undersigned [Magistrate Judge Green] has endeavored to limit this discussion to that which appears to be undisputed." ECF No. 120, PageID.1813.

Further, Plaintiffs' Complaint has more than 150 pages of exhibits, which can be properly considered by the Court on a 12(b)(6) motion. The Court may consider "exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to defendants' motion to dismiss, so long as they are referred to in the complaint and are central to claims

contained therein, without converting the motion to one for summary judgment." *Id. at* 640; see also Fed.R.Civ.P. 12(d). The documents were properly proffered by the State in support of its qualified immunity defenses; and, even if they were considered by Judge Green, which he states they were not, it does not support Plaintiffs' objections as "it makes little sense to waste time and effort by ignoring" verifiable information that plainly contradicts allegations in a complaint. ***Bell v. City of Southfield,*** 37 F.4th 362, 364 (6th Cir 2022).

A review of the Report and Recommendation indicated a dismissal of the private contractors is based upon the pleadings themselves. Objection No. 1 should be overruled, and the Report and Recommendation adopted.

**B. Objection No. 2 is Not Directed to Defendant Elhorn or the Private Contractors.**

Objection No. 2 is not directed to Elhorn or the private contractors, and, as such, Defendant Elhorn will rely upon and incorporate the State and City Defendants' Responses as if they were its own.

**C. Objection No. 3 is Not Directed to Defendant Elhorn or the Private Contractors.**

Objection No. 3, dealing with the recommendation of dismissal of Plaintiffs' ***Monell*** claim, is appropriate for response by the City Defendants. Defendant Elhorn will rely upon and incorporate the City Defendants' Response, as if was its own.

### D. The Report and Recommendation Correctly Recommended Dismissal with Prejudice and the Court Should Overrule Objection No. 4

The Court conducted a status conference on August 30, 2022, to discuss with counsel in each of the three related Benton Harbor water cases how to efficiently coordinate the litigation. (See Minutes, ECF No. 57; Order, ECF No. 58, PageID.496; ECF No. 120, PageID.1821-1822). The Court conducted a second status conference on October 20, 2022, and issued an Omnibus Order. ECF No. 72, PageID.581. It also set a deadline of December 2, 2022, for filing motions to dismiss. *Id.* As noted in the Report and Recommendation filed in the ***Grant*** matter, case no. 1:22-cv-0186, ECF No. 162, PageID.2976, the Court inquired whether Plaintiffs' counsel, in any of the three related cases, would seek to amend their Complaints. Based on assurances they would not, the Court set a briefing schedule for Defendants' motions to dismiss (Case No. 1:22-cv-0186, ECF No. 162, PageID.2976; Order, ECF No. 58).

Plaintiffs have not filed a motion to amend their complaint, nor do they provide a proposed amended complaint. Fed.R.Civ.P. 15; LCivR 5(f). In any event, Plaintiffs' attempts to state a Substantive Due Process claim against Elhorn, a private contractor, would be futile given that it is neither a state actor, nor do Plaintiffs have a plausible constitutional claim against it, as described below, which would withstand a Rule 12(b)(6) motion to

dismiss. ***Riverview Health Inst., LLC v. Med. Mut. Of Ohio***, 601 F.3d 505 520 (6th Cir 2010) (quoting ***Foman v. Davis***, 371 U.S. 178, 182. Whether to grant or deny an amendment under Rule 15(a) is usually a matter within the court's discretion. ***Id.*** at 512.

Given the inquiry was made by the Court before setting the briefing schedule and amendments would be futile, Objection No. 4 should be overruled, and the Report and Recommendation adopted.

E. **The Report and Recommendation Correctly Found the State-Created Danger Claim Should be Dismissed and Objection No. 5 Should be Overruled.**

The Report and Recommendation properly found Plaintiffs' had not plausibly pled a state-created danger claim. In the Sixth Circuit, the State-Created-Danger Doctrine provides §1983 claimants with a narrow path of recovery against state actors for violation of the Due Process clause. ***Estate of Romain v. Grosse Pointe Farms***, 935 F.3d 485, 491-492 (6th Cir 2019). Three essential elements of a "state-created-danger" theory are:

- An affirmative act by a state actor that creates, or greatly increases, the risk the claimant will be exposed to private acts of violence;
- A special danger to an individual victim – as opposed to the general public; and
- State actions so egregious it can fairly be deemed arbitrary in the constitutional sense.

***DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.,*** 489 U.S. 189, 109 S.Ct.998, 103 L.Ed.2d 249 (1989); ***Estate of Romain***, supra; ***Jasinski v. Tyler***, 729 F.3d 531, 539, (6th Cir 2013); ***Jones v. Reynolds***, 438 F.3d 685, 690-692, 695-698; ***Bukowski v. City of Novi***, 326 F.3d 702, 710 (6th Cir. 2003). Again, these elements establish a demanding standard of constitutional liability. ***Estate of Romain***, 935 F.3d at 492; ***Jones. v. Reynolds***, 438 F.3d 685, 691; ***Sergi v. Kent Cnty. Bd. Of Educ.***, 70 F.3d 907, 913 (6th Cir. 1995).

In regard to ***Kostrzewski v. City of Wyoming***, Case No. 1:20-cv-682, 2021 WL 5310894 (W.D. Mich. 2021) it should be noted the Sixth Circuit has twice stated the state-created-danger theory is generally inapplicable to a suicide case. ***Jahn v. Farnsworth***, 617 F. App'x 453, 463 (6th Cir. 2012); ***Cutlip v. City of Toledo***, 488 F. App'x 107, 116 (6th Cir. 2012). In fact, Judge Beckering recently dismissed the officers from the ***Kostrzewski*** matter based upon qualified immunity finding it was not clearly established the State-Created-Danger Doctrine was applicable since the Sixth Circuit had never found liability against officers under state-created-danger theory for a non-custodial suicide. Case 1:20-cv-00682-JMB-RSK, ECF No.183. In any event, Plaintiffs have not pled a violent act of a third party in the instant case. Serving a glass of water, especially compared to hanging, does not qualify as a violent act.

As to the second element, the Report and Recommendation is correct that Plaintiffs did not and cannot plead a special danger to an

individual victim, as opposed to the public. The number of Plaintiff-minors alone indicates the State-Created-Danger Doctrine is not applicable to this case. Further, the related putative class actions both indicate it was the public at large that was in danger. While the Plaintiffs in the instant action may make up a subset of the public at large, it does not take the matter out harm to the general public. See In Re *Flint Water Cases*, 384 F.Supp. 3d 802, 865 (ED Mich. 2019).

Plaintiffs have failed to allege they have been exposed to an act of violence by a third party, and a special danger to the Plaintiffs wherein the state's action placed Plaintiffs at risk, as distinguished from the public at large. Given the above, Plaintiffs have failed to state a plausible state-created-danger claim and Objection No. 5 should be overruled and the Report and Recommendation adopted.

F.  **The Court should Overrule Objection No. 6 and Adopt the Report and Recommendation.**

   i.   **The Report and Recommendation Correctly Determined Elhorn Is Not a State Actor.**

A review of the allegations in Plaintiffs' Complaint confirm Elhorn, as a private contractor, was only involved in one portion of the City of Benton Harbor's response to the lead exceedances. Nowhere in the pleadings are there allegations that Defendant Elhorn made final decisions regarding the running of the City's water treatment plan, did any lead testing, or dealt with the public regarding the lead

exceedances. The pleadings against Defendant Elhorn certainly do not allege Elhorn's relationship was so close that "an outsider would consider [Elhorn] to have acted on behalf of the [City]." ***O'Brien v. Township of New Buffalo***, Case No. 1:01-cv-0365, 2003 WL 25426577 (WD Mich. July 21, 2003) at *6. In fact, it is alleged that Elhorn provided services to both the City of Benton Harbor and to EGLE (Complaint at Par. No. 63, ECF No. 1, PageID.34).

A review of ***Brentwood Academy v. Tennessee Secondary School Athletic Association,*** 531 U.S. 288, 295 (2001) confirms that the Report and Recommendation is correct in finding that Defendant Elhorn is not a state actor. In ***Brentwood Academy***, the athletic association was "overwhelmingly composed of public school officials who selected representatives (all of them public officials at the time in question here) who in turn adopt and enforce the rules that make the system work." 531 U.S. at 299.

In the instant matter, there are no allegations that the members of the City of Benton Harbor or EGLE were, in any way, part of Elhorn's management or control of operations. As such, the allegations do not support a finding under the symbiotic or nexus test.

In the ***Flint Water Crisis Case***, the Eastern District of Michigan dismissed claims against a private engineering company based on the state action doctrine, reasoning that:

- The plaintiffs failed to plead a viable state compulsion theory

{01828986-1 } 10

> against the company because the complaint did not allege, in sufficient detail, how the city coerced the private firm to violate the plaintiffs' rights;
>
> - Even a long, contractual relationship between the city and the private engineering firm did not satisfy the Nexus or Entwinement Test because the complaint did not allege, in sufficient detail, a "pervasive entwinement";
>
> - The duty to provide safe water is not an exclusive state function – even under the state water standards; and
>
> - Merely working with the city did not transform the private entity into a state actor.

**Marble v. Snyder**, 453 F.Supp. 3d 970, 983-984, 986-988 (ED Mich. 2020).

Finally, Plaintiffs incorrectly maintain that summary dismissal is never available to resolve the issue of whether a complaint satisfies any of the legal tests which distinguish between private and state actors for purposes of §1983. To the contrary, the Supreme Court and the Sixth Circuit have created a legal framework whereby certain allegations are deemed insufficient, in and of themselves, to establish the complained-of private actions may be fairly attributable to the state. **Rendell-Baker v. Kohn**, 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); **Lindsey v. Det. Entm't., LLC**, 484 F.3d 824, 827-828 (6th Cir 2007); **Adams v. Vandemark**, 855 F.2d

312 (6th Cir. 1988); **Roberts v. Louisiana Homes**, 2009 U.S.Dist. Lexus 104615, *19-21 (ED Mich. No. 09-11066, 10/16/09).

Given the above, Objection No. 6A should be overruled and the Report and Recommendation should be adopted.

**ii.   The Report and Recommendation Correctly Found Plaintiffs Did Not Plausibly Allege a Substantive Due Process Violation for Bodily integrity Against Elhorn.**

A review of Plaintiffs' Complaint indicates they do not plead conscious, shocking conduct, but rather, at best, negligence in the exercise of its contractual duties. See ECF No. 1, Complaint, PageID.65-66; 98-99 (Paragraphs 232-240) alleging nothing more than a proposed corrosion control that supposedly was not working. There are no specific allegations against Elhorn of conscious shocking conduct.

As the Court noted in **Lillard v. Shelby Cty Bd of Education**, 76 F.3d 716, 725 (6th Cir 1996), it uses the "shocks the conscious" rubric to evaluate intrusions into a person's right to bodily integrity. The shocks the conscious test is the way in which the courts prevent transforming run-of-the-mill tort claims into violations of constitutional guarantees. As stated in **Range v. Douglas,** 763 F.3d 573 (6th Cir. 2014), "these are subjective standards to be sure, but they make clear that the 'shocks the conscious' standard is not a font of tort law, but is instead a way to conceptualize the sort of

egregious behavior that rises to the level of a substantive due process violation."

Given the allegations in the Complaint that Elhorn, a private contractor, selling poly-orthophosphates used for erosion control to the City of Benton Harbor does not shock the conscious and the alleged negligence should not be turned into a constitutional violation. As such, the Court should overrule Objection No. 6B and adopt the Magistrate's Report and Recommendation.

### G. The Court Should Decline to Exercise Supplemental Jurisdiction and Overrule Plaintiff's Objection No. 7.

Plaintiffs have failed to state any federal claims against the private contractors, including Elhorn. Elhorn is not a state actor, nor have Plaintiffs stated Substantive Due Process claims of a state-created-danger, or a violation of bodily integrity against Elhorn. As such, given the dismissals under Fed.R.Civ.P. 12(b)(6) trigger a "strong presumption in favor of dismissing supplemental claims," the Court should not exercise supplemental jurisdiction in this matter. ***Musson Theatrical, Inc. v. Federal Express Corp.***, 89 F.3d 1244, 1254 (6th Cir. 1996) In the instant case, with the dismissal of the federal claims against the private contractors, the Court should decline to exercise supplemental jurisdiction in this matter.

## **CONCLUSION**

For the reasons stated above, Defendants' motions to dismiss, and as

recommended by Magistrate Judge Phillip J. Green's Report and Recommendation, Defendant Elhorn respectfully requests that this Court adopt the Report and Recommendation of Magistrate Judge Phillip J. Green in its entirety, finding that Defendant Elhorn is not a state actor and is not subject to liability under §1983 given Plaintiffs have failed to state any federal claims against Defendant Elhorn. Given the lack of any federal claims against the private contractors, including Elhorn, this Court should not exercise supplemental jurisdiction and Defendant Elhorn should be dismissed from this action.

        Respectfully submitted,

        CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

Date: June 28, 2023        /s/ *Meigs M. Day*
        Meigs M. Day (P36929)
        Attorney for Defendant Elhorn

## CERTIFICATE OF COMPLIANCE

      Defendant Elhorn, in compliance with LivCiv 7.2(b)(i), used 3069 words in their Brief in Support Of Defendant Elhorn's Reply Brief pursuant to Fed.R. Civ. P. 12(b)(6). Microsoft Word Office 365 is the word processing software used to generate the word count in the attached brief.

Date: June 28, 2023        /s/ *Meigs M. Day*
                                        Meigs M. Day (P36929)
                                        Attorney for Defendant Elhorn